# EXHIBIT B

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------X    Index No. _____
CICERO JACKSON,

                              Plaintiff,

     -against-                                        **COMPLAINT**

TRANSUNION                        .

                            Defendant.
------------------------------------------------------------------X

Plaintiff, CICERO JACKSON ("Plaintiff"), by and through his attorneys, The Law Office of Stephanie E. Emanuel, as and for his Complaint against the Defendant, Transunion hereinafter referred to as Defendant(s)"), respectfully sets forth, complains, and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1.      Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of: (i) §1681 *et seq. as amended,* of Title 15 of the United States Code, commonly referred to the Fair Credit Reporting Act ("FCRA").

## PARTIES

2.      Plaintiff CICERO JACKSON is a resident of the State of New York, residing at 184-26 144th Avenue, Springfield Gardens, NY 11413 in Queens County and is a consumer as defined under the FCRA.

3.      Defendant Transunion is a National Credit Reporting Agency doing business in Illinois with offices located at 555 West Adams Street, Chicago, IL 60661.

4.      The Defendant is regularly engaged in the national business of assembling,

evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 USC §1681(d) to third parties.

## JURISDICTION AND VENUE

5.      The Court has jurisdiction over this matter pursuant to 28 USC §1331, 1337 as well as 15 USC §1681p et seq. and 28 U.S.C. §2201. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7.      Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8.      The Plaintiff obtained a copy of his credit report dated August 19, 2025. The Plaintiff wrote a dispute letter dated August 20, 2025, to the Defendant and sent it by certified mail, stating:

TRANSUNION

P.O.BOX 2000

CHESTER, PA 19016

The accounts below are reporting inaccurately and I need them investigated: ➜

Discover Bank ACCT#: ███████ THIS ACCOUNT IS REPORTING A BALANCE OF $11840 WHICH IS INACCURATE WHICH BRINGS ME TO REQUESTING A FULL BREAKDOWN OF FEES AND INTEREST THAT HAVE ACCRUED ON THIS ACCOUNT ➜ MERCEDES BENZ FINANCIAL ACCT# ███████ - THIS ACCOUNT IS REPORTING THAT THE ORIGINAL BALANCE OF THE VEHICLE WAS

$34800 AND THAT THE ACCOUNT WAS CHARGED OFF YET IT IS REPORTING A BALANCE OF $24493 AND THAT THE WRITE OFF THIS IS ACCOUNT IS 37299 BUT HOW DOES THAT MAKE ANY SENSE ??? ACCORDINGLY, THE LAST PAYMENT DATE REPORTING IS 2/21/25 WHICH ALSO DOESN'T MAKE ANY SENSE. PLEASE INVESTIGATE THIS ACCOUNT IN DEPTH AND PROVIDE A BREAKDOWN OF ALL FEES, PAYMENTS, ETC ➜ UPGRADE INC ACCT#: █████████ - WHY IS THIS ACCOUNT REPORTING IF THEY ARE STATING THAT IT WAS SOLD TO A 3RD PARTY? PLEASE INVESTIGATE ACCORDINGLY TO FCRA STANDARDS

Sincerely,

Cicero Jackson

9.    The Defendant responded with a delay tactic letter dated August 28, 2025, stating "We received a request that included your information, but it didn't appear that you or a properly authorized party sent it to us….so we won't process requests…" The Plaintiff again provided a legible copy of his driver's license. His correct address, social security number, and date of birth.

10.    The Defendant failed to respond with an investigation, either verifying or deleting the disputed accounts within the 30 days required. Further, the Defendant failed to update the credit report to include a dispute statement to the disputed tradelines.

11.    The Plaintiff was denied credit by Amex on Jan 22nd, 2026, due to this inaccuracy. The Defendant violated the Plaintiff's rights under the FCRA. Further the inaccuracies that are continuing to report are:

Mercedes Benz shows no data for 1/2026 which is invalid reporting show no info for balance and when the account closed.

-Discover shows multiple no data which is invalid reporting.... shows an amount past due of 11840 yet the account is charged off.

-Capital, one states last payment was 5/2022 yet the account only defaulted 7/2022 and was reporting through 12/2022 and shows no data on that date

-Upgrade shows no history at all its completely all grayed out "no data" up until 9/2025 yet the account closed 10/2022.

## FIRST CAUSE OF ACTION
### (Violations of the FCRA)

12.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "11" herein with the same force and effect as if the same were set forth at length herein.

13.     15 USC §1681i(a) Reinvestigations of disputed information

(1) Reinvestigation required

(A) In general

Subject to subsection (f) and except as provided in subsection (g), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

14.     The Defendant violated 15 USC §1681i(a) by failing to properly reinvestigate the disputed account and respond to the Plaintiff within the required 30-day period, by either verifying or deleting the disputed tradelines.

15.     The Defendant violated the Plaintiff's rights under 15 USC §1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the Plaintiff's credit report and credit files Defendant published and maintained. By failing to update the credit report, delete and/or remove the disputed accounts as the Plaintiff requested.

16.     The Defendant failed to mark the disputed accounts as disputed.

17.     As a result, Defendant violated 15 USC §1681e(b), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other mental, physical, and emotional distress.

18.     The violation by the Defendant of 15 USC §1681e (b) was willful, rendering then liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC §1681n.

19.     After receiving the Plaintiffs dispute, Defendant negligently failed to conduct a reasonable reinvestigation as required by15 USC §1681i. As a direct and proximate cause of Defendant's negligent failure to perform its duties under FCRA, The Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

20.     Defendant is liable to the Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorney's fees pursuant to15 USC §1681o.

21.     Defendant prepared. compiled, issued assembled, transferred, published, and otherwise reproduced consumer reports regarding the Plaintiff as that term is

defined in 15 USC §1681i(a).

22.    Such reports contained information about the Plaintiff that was false, misleading, and inaccurate.

23.    The Defendant violated 15 USC §1681i(a) by failing to conduct a reasonable reinvestigation after receiving the Plaintiffs dispute to an Errant Trade line to determine whether the disputed information was inaccurate and record the current status of the disputed information by either updating or deleting the item from the Plaintiff's credit files.

24.    As a result of the Defendant violations of 15 USC §1681i(a), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other mental, physical, and emotional distress.

25.    The violations by the Defendant of 15 USC §1681i(a) were willful, rendering then liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC §1681n. In the alternative, the Defendants were negligent, which entitles Plaintiff to recovery under 15 USC §1681o.

26.    As a result of the Defendant's violations of 15 USC §1681i (a)(1)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other mental, physical and emotional distress.

27.    The violations by the Defendant of 15 USC §1681i (a)(1)(A) were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC §1681n. In the alternative, the Defendant were negligent, which entitles Plaintiff to recovery under 15 USC §1681o.

28.     The Defendant violated 15 USC §168i (a)(5)(A) by failing to promptly delete all the dispute inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

29.     Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney fees from the Defendant(s) in an amount to be determined by the Court pursuant to 15 USC §1681n and 15 USC §

30.     **WHEREFORE**, Plaintiff demands judgment for actual, statutory, and punitive damages against Defendants, jointly and severally; for his attorneys' fees and costs, for prejudgment and post-judgment interest at the judgment rate, and such other relief the Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant:

A.     For statutory, actual, and punitive damages provided and pursuant to the FCRA,15 U.S.C. 1681 § n (a)(1)(A), n (2), n (3); in the alternative for damages pursuant to negligence under 15 U.S.C. 1681 § o (a) (1)(2)

B.   For attorneys' fees and costs provided and pursuant to 15 USC §1681n of the FCRA;

C.     A Declaration that the Defendant's practices violated the FCRA and,

D.     For any such other and further relief, as well as further costs, expenses, and disbursements of this action, as this Court may deem just and proper.

Dated:     New York, New York
           March 23, 2026

Respectfully submitted,

By: _____

Stephanie E. Emanuel, Esq.
The Law Office of Stephanie E. Emanuel
Attorneys for Plaintiff
427 Senator Street, # 3
Brooklyn, NY 11220
T: (732) 804-9948
F: (347) 497-5922

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------X  Index No. _____
CICERO JACKSON,

                                        Plaintiff,

        -against-

TRANSUNION                              .

                                        Defendant.
------------------------------------------------------------------X

---

## SUMMONS AND COMPLAINT

---

THE LAW OFFICE OF STEPHANIE E. EMANUEL
Attorneys for Plaintiff
427 Senator Street, # 3
Brooklyn, NY 11220
T: (732) 804-9948
F: (347) 497-5922